[No. 11289.　Department Two.　March 26, 1914.]

L. F. WEAVER, *Respondent*, v. JAMES D. ESARY, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACTS—CONDITIONS—WAIVER—EVIDENCE—SUFFICIENCY. Waiver of conditions requiring an abstract showing good title, within a limited time, is not shown where the vendee's representatives had no authority to make such waiver, and nothing in their acts or conversation reasonably lead to the conclusion that they did not regard the element of time as essential.

SAME—CONTRACT — PERFORMANCE — TITLE — SUFFICIENCY. An abstract of title does not show a marketable title, where it appears that the property had passed through a probate sale without the giving of a sufficient notice pertaining to the sale.

SAME. Where a contract calls for a title free and clear of incumbrance, the party cannot be compelled to accept the property subject to a tax lien which could not then be paid, with a bond conditioned to make good any loss by reason of the tax lien.

Appeal from a judgment of the superior court for King county, Main, J., entered September 30, 1912, upon findings in favor of the plaintiff, in an action to recover money paid. Affirmed.

*Byers & Byers*, for appellant.

*Kerr & McCord*, for respondent.

[1]Reported in 139 Pac. 607.

FULLERTON, J.—On February 27, 1909, the appellant entered into a contract with the respondent whereby the appellant agreed to sell, and the respondent agreed to buy, certain described real property, situated in the city of Seattle. The contract was in writing, and provided the manner and terms upon which the purchase price should be paid; one thousand dollars thereof being paid at the time of the execution of the contract. The contract contained the following conditions:

"The purchaser shall be furnished a complete abstract showing clear title and said property shall be transferred by warranty deed free and clear of all encumbrances to date of transfer, excepting the above mentioned mortgage. Purchaser to be allowed five (5) days for the examination of said abstract of title, whereupon he agrees to complete the purchase in the manner and upon the terms herein; and in case of failure so to do, the said sum of money hereby receipted for shall be forfeited as liquidated damages.

"It is further agreed that in event of failure to convey or tender good and sufficient title within thirty (30) days from date hereof, the said sum of money shall be refunded."

Shortly after the execution of the contract, an abstract of title to the property was furnished the respondent, who submitted it to his attorney for examination. The attorneys, within the time limited in the contract, returned the same with their objections thereto, setting forth the objections in detail, and giving it as their opinion that the title to the property as shown by the abstract was not a marketable title. After these objections had been made known to the appellant, a consultation was had between the appellant and his attorneys and the attorneys and representatives of the respondent, at which the claimed defects in the title and the possibilities of remedying them were talked over. The participants in this consultation do not agree as to what occurred thereat. The appellant and his witnesses testify that they were led by the representatives of the respondent (the respondent personally not being present) into the belief that

they could have a reasonable time beyond that fixed in the contract in which to tender a marketable title and a deed to the premises. The respondent's witnesses, however, are equally emphatic that nothing of this kind was said or intended, and that they distinctly made it known to the appellant that they were only the respondent's representatives and had no authority from him to in any manner extend the time of performance of, or otherwise alter, the terms of the contract. Some effort was thereafter made to correct the defects in the title pointed out in the opinion of the attorneys, but all of them were not remedied, and no deed to the property was tendered within the time fixed in the contract, nor for some time thereafter.

When the deed was actually tendered, the respondent refused to accept it, and later demanded a return of the money paid at the time of the execution of the contract. A return of the money was refused, and this action was thereupon begun to recover the same. The appellant defended on the grounds that the clause in the contract fixing the time for a tender of a deed had been waived by the respondent; that he had tendered a marketable title; and that he was, by reason of these facts, entitled to retain the money sued for as liquidated damages. The court before whom the cause was tried held against the contentions of the appellant, and entered judgment for the respondent for the recovery of the money with interest. This appeal is from the judgment so entered.

In support of his appeal, the appellant contends, first, that he was misled to his prejudice by the respondent's representatives at the consultation held to consider the objections to the title to the property, and that the respondent is estopped thereby to claim a noncompliance with the contract with respect to a tender of the deed; and second, that the objections to the title were sham and frivolous and that the title to the property as shown by the abstract was marketable.

With reference to the estoppel, we think the trial judge

rightly decided that the happenings at the consultation did not justify the appellant in the conclusion that the condition of the contract relative to time would be waived. It is evident the respondent's representatives were anxious that the defects in the title should be cured, but nothing in their acts or conversation that we can discover reasonably leads to the conclusion that they did not regard the element of time as essential. They had no authority from their principal to waive any of the conditions of the contract, and while this would not relieve the principal if they did actually waive some one or more of its conditions, it is a matter properly to be considered when their conduct is brought into review. On the other hand, it is clear from the respondent's testimony that time was a material consideration as to him. He desired the property for a particular use, and the possibility of applying it to that use was thwarted by his inability to obtain the property within the time agreed upon.

Nor do we think the objections made to the title by the attorneys were sham or frivolous. The property had passed through probate, and one of the objections was that a sufficient notice of an order to show cause made by the court pertaining to a probate sale of the property had not been given. This was a material defect, and one calculated to interfere with the sale of the property to a cautious buyer, even if it were not fatal to the title itself. *Teynor v. Heible*, 74 Wash. 222, 133 Pac. 1, 46 L. R. A. (N. S.) 1033. Again, there was a valid tax lien upon the property which then, for some reason, could not be removed by a payment of the tax. The appellant, it is true, offered to furnish a bond conditioned to make good any loss that might be sustained by the respondent because of this lien, but the respondent had contracted for a title free and clear of encumbrances, and he was not obligated to accept a bond conditioned to be saved harmless from an encumbrance in lieu of the removal of the encumbrance itself.

We think there was such a failure on the part of the ap-

pellant to comply with terms of the contract as to entitle the respondent to recover the advance money paid, and that the trial court correctly so decided.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.